IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**HORVING RAMOS-SANTIAGO**,

Plaintiff,

v.

**UNITED PARCEL SERVICES**,

Defendant.

CIVIL NO. 05-1805(PG)

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On July 21, 2005, defendant United Parcel Services ("UPS") removed the instant case to this Court under 28 U.S.C.S. § 1441(a) alleging this Court has original jurisdiction, arising under Section 301 of the Labor Management Relations Act (29 U.S.C. § 185), over plaintiff's action which was pending before state courts.  (Docket No. 1).

On August 19, 2005, plaintiff filed a *pro-se* Memorandum in Support of Motion to Remand this case to state court.  (Docket No. 4).   On September 6, 2005, UPS filed its Response in Opposition to the Motion to Remand.  (Docket No. 5).  Certified Translations were later filed by UPS.  (Docket Nos.  9 and 11).

On January 12, 2006, the Motion to Remand was referred to the undersigned United States Magistrate Judge for report and recommendation.  (Docket Nos. 13 and 14).

### II.  BACKGROUND

Plaintiff Horving Ramos-Santiago, a former employee of UPS, is a member of the Union de Tronquistas ("Union").  UPS and the Union are parties to a collective bargaining agreement under which a grievance was filed by the Union to challenge plaintiff's employment termination

and non-compliance with the collective bargaining agreement.  The grievance was entertained to a final and binding arbitration which concluded that plaintiff's termination was justified. Consequently, the Union's arbitration claim was dismissed.

Plaintiff then filed before state court a Petition for Review of the Arbitration Award seeking to set aside and annul the arbitrator's award by judicial review.  The Petition is the object of the instant removal for which plaintiff is now requesting a remand to state court.

### III. ANALYSIS

Plaintiff's Motion to Remand is essentially based on the following four (4) arguments: plaintiff's petition to review the arbitration award is not founded on a federal claim but ". . . is almost completely based on local jurisprudence and the interpretation of the collective bargaining agreement and the proof passed before the arbitrator"; plaintiff has a right to choose the venue where his rights will be vindicated; the case is already submitted at the local court and the removal will be burdensome on plaintiff; and the court's discretion to dismiss supplemental state claims justifies the remand.  (Docket No. 4).

In turn, UPS opposes the Motion to Remand claiming that, under 28 U.S.C. § 1441(a), the case was properly removed to this Court and the Labor Management Relations Act ("LMRA") "completely preempts" state law as to matters concerning collective bargaining agreements.  Santiago-Sánchez v. Gate Engineering, Corp., 193 F.Supp.2d 392, 394-396 (D. Puerto Rico 2002).

In Santiago-Sánchez, this Court recognized that Section 301 of the LMRA completely preempts state law claims over "[s]uits for violation of contracts between an employer and a

labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). Actions arising under section 301 are controlled by federal substantive law even though they are brought in a state court. *See* Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers, 390 U.S. 557, 560, 88 S.Ct. 1235 (1968).

The artful pleading doctrine allows removal where federal law completely preempts plaintiff's state-law claim; in such cases, any claim purportedly based on preempted state-law claim is considered, from its inception, a federal claim arising under federal law. *See* Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 471, 118 S.Ct. 921 (1998).

In Santiago-Sánchez, 193 F.Supp.2d at 395, this Court ruled that, under the artful pleading doctrine, this Court is empowered to look beneath the face of the complaint to ascertain the true underlying nature of plaintiff's claim, to determine whether plaintiff has attempted to defeat removal by asserting a federal claim dressed up in the trappings of state law, and to assert jurisdiction over such a claim. *See* Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424 (1981).

"[T]he question which controls preemption disputes under section 301 [of the LMRA] is, simply, whether a state law action is based, in its essence, on a claim of rights or duties under a collective bargaining agreement." Fant v. New England Power Service Co., 239 F.3d 8, 13 (1st Cir. 2001)(citing: *The Developing Labor Law*, 1699 (Patrick Hardin et al. eds., 3d ed.1992); Santiago-Sánchez, 193 F.Supp.2d at 395. A state law claim depends upon the meaning of the collective bargaining agreement if the conduct at issue constitutes a breach of duty under the

collective bargaining agreement or resolution of the controversy hinges on a construction of the collective bargaining agreement. *Id.* at 15.

It is undisputed that an arbitration was held in this case in response to a grievance filed by plaintiff, pursuant to the collective bargaining agreement between the Union and UPS, to challenge his termination from his employment with UPS and non-compliance with the collective bargaining agreement.  An award was rendered by the arbitrator, after analyzing the collective bargaining agreement,  ruling that plaintiff's termination was justified and the Union's claim was dismissed.  In the arbitration award in the case, the arbitrator expressly indicated that:

"After the corresponding analysis of the Collective Bargaining Agreement, the parties contentions and the evidence admitted, we resolve that the issue to be brought forth in this case consists of determining, according to the facts, and the Collective Bargaining Agreement, if the dismissal of Mr. Horvin Ramos was or not justified.  If it is determined that it was not, that the Arbitrator provide an adequate remedy."

(Docket No. 8, Exhibit 35, Arbitration Award).

Moreover, plaintiff admits in his Motion to Remand that his petition " is . . . based on . . . the interpretation of the collective bargaining agreement."   (Docket No. 4, p. 3, ¶ 8).

Thus, it is undisputed that the arbitrator in rendering his award interpreted the collective bargaining agreement and issued the arbitration award pursuant to its parameters ruling that plaintiff's dismissal was justified.[1]

---

[1] The Award in this case reads as follows: "According to the facts and the Collective Bargaining Agreement, the dismissal of Mr. Horvin Ramos was justified. The complaint is dismissed. (Docket No. 9, Exhibit 35).

Plaintiff's Petition for Review of the Arbitration Award seeks to set aside and annul the arbitrator's award by judicial review. Consequently, as in Santiago-Sánchez, 193 F.Supp 2d at 395, the rights that plaintiff "seeks to enforce through his complaint draw their essence from the Arbitrator's interpretation of the CBA [collective bargaining agreement]."  Thus, since the controversy before us requires the interpretation of the collective bargaining agreement and is a claim under the LMRA, the state law claim is preempted.  Santiago-Sánchez, 193 F.Supp2d at 394-395.

Accordingly, this Court has original jurisdiction in this case and the case should not be remanded to the state court.

Finally, and considering that this Court has original jurisdiction to entertain this action, we find there is no need to discuss the other grounds proffered by plaintiff in support of his Motion to Remand inasmuch they are unsupported and without merit.

## V. CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's Motion to Remand (Docket No. 4) be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order.  Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role

Horving Ramos-Santiago v. United Parcel Services
Civil No. 05-1805(PG)
Report and Recommendation
Page 6

reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial

hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 18th day of January of 2006.

s/**CAMILLE L. VELEZ-RIVE**
**CAMILLE L. VELEZ-RIVE**
**UNITED STATES MAGISTRATE JUDGE**